UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
*[Filed Electronically]*

| | |
|---|---|
| **BRANDON ROBERTSON** | ) |
| | ) |
| **PLAINTIFF** | ) |
| | ) |
| v. | ) |
| | ) |
| **LOUISVILLE/JEFFERSON COUNTY** | ) |
| **METRO GOVERNMENT** | ) |
| d/b/a Louisville Metro Department of | ) |
| Corrections | ) |
| | ) |
| Serve: Mayor Greg Fischer | ) |
| 527 W. Jefferson Street | ) |
| 4th Floor | ) |
| Louisville, KY 40202 | ) |
| | ) |
| | ) |
| -and- | ) |
| | ) |
| **DARRELL TAYLOR, JR.,** individually | ) |
| | ) |
| 740 S. 43rd Street | ) CIVIL ACTION NO. 3:21-CV-706-RGJ |
| Louisville, KY 40211 | ) |
| | ) |
| **DWAYNE CLARK,** individually and in | ) |
| his official capacity as Director LMDC | ) |
| | ) |
| Serve: Dwayne Clark | ) |
| Director LMDC | ) |
| 400 6th Street | ) |
| Louisville, KY 40202 | ) |
| | ) |
| | ) |
| **DEFENDANTS** | ) |

\* \* \* \* \* \* \* \* \*

## COMPLAINT

### I. Introduction

1. Brandon Robertson, a former inmate of the Louisville Metro Department of Corrections, complains of the egregious and unjustifiable treatment by Defendants named in the caption above. As more specifically set forth below, Mr. Robertson, during his incarceration at the Louisville Metro Department of Corrections ("the Jail" or "LMDC"), was savagely beaten by Darrell Taylor, a jail guard at the time. It is the purpose of this action to recover the damages Mr. Robertson has sustained as a result of Defendants' conduct, and punitive damages to punish Defendants' conduct and forever deter its repetition.

### II. Jurisdiction and Venue

2. Plaintiff seeks damages from Defendants under the Civil Rights Act of 1871, 42 U.S.C. § 1983, for gross and unconscionable violations of the rights, privileges and immunities guaranteed Mr. Robertson by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States. Accordingly, this Court has jurisdiction of this case pursuant to the provisions of 28 U.S.C. §§ 1331 and 1343. Plaintiff also seeks damages for negligence, gross negligence, outrageous conduct, negligent retention, negligent supervision and intentional infliction of emotional distress under Kentucky common law. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367. Jefferson County, Kentucky is the location of all acts pertinent to this suit, and venue is therefore proper in this Court.

### III. Parties

3. Plaintiff resides in Jefferson County, Kentucky. On December 15, 2020, Mr. Robertson was incarcerated in LMDC.

4. That Defendant Louisville/Jefferson County Metro Government (hereinafter "**Metro**") is a consolidated government that was created by merging the former City of Louisville and Jefferson County, Kentucky. It is organized under Chapter 67C of the Kentucky Revised Statutes. Metro is the surviving entity after the merger of Louisville and Jefferson County. Metro as the surviving entity of said merger which occurred on January 1, 2003 is the entity that is responsible for the Louisville Metro Department of Corrections, LMDC's agents, and is responsible with complying with the Kentucky Open Records Act.

5. Defendant Dwayne Clarke was at all times mentioned herein acting individually and/or in his official capacity as Director or Jailer of LMDC, and as such established policies either formally or by custom for, and was responsible for the employment, training, supervision and conduct of, the officers, employees and independent contractors at the Jail.

6. Defendant Darrell Taylor was at all times mentioned herein an officer of the Jail, and personally participated in the mistreatment of Mr. Robertson described below by physically beating the Plaintiff who was offering no physical resistance.

## IV. Nature of Defendants' Conduct

7. Defendants, individually and in conspiracy with one another, engaged in the conduct described below under color of the law of the Commonwealth of Kentucky, and Jefferson County. The individual Defendants named above, knowingly participated or acquiesced in, contributed to, encouraged, implicitly authorized or approved the conduct described below. The offenses described below resulted from the failure of Louisville Metro, the Jailer, and the supervisory officials named above to employ qualified persons for positions of authority in the Jail, and/or to properly or conscientiously train and supervise the conduct of such persons after their employment, and/or to promulgate appropriate operating policies and

procedures either formally or by custom to protect the constitutional rights of Mr. Robertson. Defendants' conduct was intentional and grossly negligent, indicated active malice toward Mr. Robertson and a total, deliberate and reckless disregard for and indifference to his life and his constitutional and common law rights, and justifies an award of punitive damages in addition to the actual damages he is entitled to recover.

## V. Facts

8. Mr. Robertson was 34 years old at the time of his incarceration and beating.

9. At approximately 5:00 a.m., on the morning of December 15, 2020, Mr. Robertson was struck several times in the face by Darrell Taylor. To add insult to injury, Mr. Taylor slammed the Plaintiff's head into the concrete floor, causing him to completely lose consciousness. After beating the Plaintiff senseless, he dragged his limp body across the jail like an animal and placed him in a cell handcuffed, bleeding and motionless. When another guard witnessed Officer Taylor washing blood off of his hand, he went into the cell in which he came from and found the Plaintiff unconscious, on the cold floor, and lying in a pool of his own blood.

10. Approximately one hour later, the Plaintiff was transported to the University of Louisville Hospital by EMS.

11. After being seen by medical professionals, it was determined that the Plaintiff had a fractured jaw, a zygomatic (facial bone) fracture as well as a busted lip. The Plaintiff was amnestic to the entire event and had no memory of it. The 1.5 cm laceration in his right upper lip had to be irrigated, debrided, and closed with 4 sutures (stitches). It took approximately 20 minutes to perform said procedure.

12. As a result of Defendants' actions and/or inactions, Plaintiff has suffered loss of income, permanent scarring, disfigurement, headaches, blurred vision, memory loss, post-

concussion syndrome, brain trauma, embarrassment, humiliation, mental and physical anguish, pain and suffering, and severe emotional distress.

## VI. Causes of Action

### COUNT I – CONSTITUTIONAL VIOLATIONS UNDER 42 U.S.C. § 1983

*Violations by all Defendants*

13. Paragraphs 1-12 above are incorporated herein by reference and made this Paragraph 13.

14. Defendants were acting under the color of state law when they undertook the actions described above.

15. Defendants deprived Robertson of his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

16. Furthermore, Defendant Taylor in his individual capacity subjected Robertson to arbitrary and excessive force, and force as a punitive measure, in violation of the Fourth, Fifth, Eighth and Fourteenth Amendments. After an investigation at the Jail, LMDC itself determined that Defendant Taylor subjected the Robertson to excessive force.

17. As a result of the foregoing, Robertson was deprived of the following non-exhaustive list of rights and immunities guaranteed him by the Constitution of the United States in violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983:

   a. His right to be secure in his person against unreasonable searches and seizures under the Fourth and Fourteenth Amendments;

   b. His right to the equal protection of the law, procedural due process, and substantive due process secured by the Fifth and Fourteenth Amendments;

   c. His right to be free of punishment while in pretrial detention;

   d. His right to be free of excessive force;

  e. His right to be free of cruel and unusual punishment under the Eighth and Fourteenth Amendments.

18. Defendants' conduct also violated concomitant rights guaranteed by the Constitution and common laws of Kentucky.

19. Moreover, given the pre-existing law that clearly prohibited Defendants' conduct, Defendants' abuse and neglect of Robertson was intentional, wanton and malicious, and indicative of Defendants' total and reckless disregard of/deliberate indifference to the rights and medical needs of Robertson, and shocks the conscience.

*Supervisory Liability, Failure to Train, and Final Policymaker Liability (against Defendant Dwayne Clarke in his Individual and Official Capacities)*

20. Paragraphs 1-19 above are incorporated herein by reference and made this Paragraph 20.

21. As a result of Defendant Clarke's failure to adequately train the jail employees including Taylor, the Defendant Clarke violated Robertson's constitutional rights, directly and proximately causing him the serious injuries described herein.

22. Furthermore, as Jailer, Dwayne Clarke was a final policymaker and had oversight responsibility for ensuring that jail guards were properly trained in the United States Constitution to make sure the inmates that he was responsible for were cared for and not intentionally harmed.

23. Defendant Clarke was on actual or constructive notice that the failure supervision and retention of a dangerous guard like Taylor was substantially certain to result in the violation of the constitutional rights of those inmates, including Robertson.

24. Upon information and belief, Dwayne Clarke either encouraged or acquiesced or looked the other way leading to the specific incidents that harmed Robertson and other inmates.

*Municipal/Organizational Liability Theories*
*(against Louisville Metro/Defendant Clarke)*

25. Defendant Louisville Metro, both as organization and acting through its final policymakers, like Dwayne Clarke, were both directly responsible for Robertson's injuries due to their failure (a) to adequately train and supervise the Jail's officers, employees, and contractors (b) to adequately and properly staff the Jail and provide it the resources necessary to serve the needs of persons like Robertson, and (c) to inculcate policies, customs and practices to prevent – or to investigate, discover and change or abolish the policies, customs and practices responsible for – the mistreatment he endured.

26. Upon information and belief, Mr. Robertson's treatment by Defendants was not unusual, but was part of a continuing policy, pattern, custom and/or practice of Defendants of willfully and deliberately ignoring the Constitutional Rights of inmates of the Jail. Such conduct is the result of customs and practices of Louisville Metro and Defendant Dwayne Clarke and the individual Defendants named herein, either written or unwritten, which are systematically applied to all inmates. Such practices constitute an arbitrary use of government power, and evince a total, intentional, deliberate and unreasonable disregard for and indifference to the health, lives and constitutional and common law rights of inmates at the Jail, including Mr. Robertson, and the wholesale violations of those rights likely to result from the regular and systematic pursuit of such practices.

## COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (*against all individual Defendants*)

27. Paragraphs 1-26 above are incorporated herein by reference and made this Paragraph 27.

28. Defendants' treatment of Robertson was so beyond the bounds of human decency that it exemplifies the tort of outrage, also known as intentional infliction of emotional distress.

29. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged in an amount exceeding the jurisdictional limits of this Court, as described further herein.

## DAMAGES

30. Paragraphs 1-29 above are incorporated herein by reference and made this Paragraph 31.

31. Mr. Robertson's injuries were unnecessary and preventable, and he is therefore entitled to recover the income and earnings he would have enjoyed absent the injuries that he has sustained. Mr. Robertson also experienced wanton and unnecessary mental and physical pain and suffering as a result of Defendants' conduct, for which he is entitled to recover damages. Robertson has also suffered severe emotional trauma and distress. Finally, Defendants' violations of Mr. Robertson's constitutional and common law rights were cruel, malicious, and evinced a total and reckless disregard for those rights, entitling Plaintiff to recover punitive damages from Defendants in order to deter such conduct in the future.

**WHEREFORE**, Plaintiff requests a trial by jury, and further requests she be awarded: **(a)** actual damages for **(i)** Mr. Robertson's lost income, **(ii)** Mr. Robertson's mental and physical pain and suffering, **(b)** punitive damages; **(c)** costs; **(d)** attorneys' fees under 42 U.S.C. § 1988 and any other applicable provisions of law; **(e)** pre- and post-judgment interest on all sums awarded; **(f)** appropriate permanent injunctive relief to address the systemic failures set forth in this Complaint; and **(g)** all other relief to which Mr. Robertson is entitled under law or in equity.

Respectfully submitted,


/s/ *Garry R. Adams*
GARRY R. ADAMS
ADAMS LANDENWICH WALTON, PLLC
517 W. Ormby Avenue
Louisville, KY 40203
(502) 561-0085
*Counsel for Plaintiff*

DAVID YATES
DAVID YATES ATTORNEY, LLC
111 West Washing Street
Suite 400
Louisville, KY 40202
(502) 882-5179
*Counsel for Plaintiff*